The facts in this case sufficiently appear in the opinion of the Court, which was drawn up by
Appleton, C. J.
The facts, upon which the rights of these parties depend, are few and not controverted.
On Nov. 8, 1843, David Pingree and Eben S. Coe con *448 veyed a tract of land in Stetson to E. G. Allen, who, on the same day, mortgaged the premises to his grantors to secure in part the purchase money. The deed and mortgage were duly recorded, and the latter was assigned to the defendant, Sept. 19, 1854, and the assignment seasonably recorded. .
E. Gr. Allen, having only the equity to redeem, on 16th of April, 1850, conveyed by deed the premises purchased to D. C. and C. L. Whiting, who, on the same day, conveyed them in mortgage to their grantor. The deed was not recorded, the mortgage was.
On Sept. 13, 1853, the deed, E. G. Allen to the Whitings, not having been recorded, Messrs. Shaw & Merrill caused an attachment to be made of Allen’s right of redeeming his mortgage to Pingree and Coe. They subsequently, at the April term, 1856, obtained judgment, and, on the 30th of the following May, this equity of redemption was seized, and, on 2d July, of the same year, at 2 o’clock, P. M., the same was sold to the plaintiffs in the execution, in whom, or in their assigns, the title thus acquired became perfected by lapse of time. All these proceedings are conceded to have been in conformity with law.
The mortgage of the Whitings, dated 16th April, 1850, after intermediate assignments, on 9th Eeb., 1856, became vested in the plaintiff.
It thus appears that the plaintiff, to make his mortgage available and his title under it good, was bound to procure a discharge of the mortgage of Allen to Pingree and Coe, which had been assigned to the defendant, and to remove the attachment of Shaw & Merrill.
In this state of the title, the plaintiff, on 26th July, 1856, at 1 o’clock, tendered the defendant $230 on account of the mortgage of Allen to Pingree and Coe, assigned to him, which he received. Subsequently, being doubtful whether the amount tendered was sufficient, on the 6th of September following, he tendered the further sum of $6, which the defendant took, remarking that he always made it a rule to
*449 take all the money offered him, and, on the 12th of the same September, discharged the mortgage of Allen to Pingree and Coe, upon the records of the county.
By these proceedings the estate of the plaintiff was relieved from one of the outstanding incumbrances. The attachment, ripened into a title by sale on execution, was still subsisting and unpaid. The plaintiff neglecting to redeem that, and the title being perfected in the purchaser, he lost all benefit from his payment of the mortgage debt. The tender, effecting the object for which it was made, ultimately failed to be of any benefit, by reason of the intervening title of Shaw & Merrill becoming vested in them.
The plaintiff brings assumpsit to recover the money tendered on account of the Pingree and Coe mortgage.
It seems the plaintiff was in fact ignorant of the attachment in favor of Shaw & Merrill, though the same was duly recorded. The defendant, who, as their attorney, procured it to be made, did not disclose its existence at the time the tender was made, nor since. As the attachment was recorded, its existence was ascertainable by all interested to inquire. The plaintiff having an interest to ascertain the facts, omitted to examine the records and thus learn them. His neglect to make those inquiries, which ordinary prudence would dictate, cannot give him any new rights nor enlarge those already existing.
The defendant did not disclose the existence of an attachment. He was not aware of the plaintiff’s ignorance of that fact. He could not reasonably anticipate negligence on the part of one so sagacious and vigilant as the plaintiff. The parties were dealing adversely. He could not assume, that the records of the county were unknown. He was not bound to inform the plaintiff of their contents, certainly not, when no inquiries were made of him on the subject.
That the plaintiff derived no ultimate advantage from the tender is no fault of the defendant. It answered the purpose for which it was made. It effected a discharge of the Pingree and Coe mortgage. It was made for the purpose of *450 discharging that mortgage. The defendant appropriated the tender as the plaintiff intended he should. The-mortgage is discharged. The plaintiff cannot place the defendant in the position in which he stood before its discharge. The plaintiff, by tendering the amount due to Shaw & Merrill, or to their assignee, might have accomplished his object. He neglected it and must suffer. But all this gives him no right of action.
Neither can the plaintiff’s ignorance, that the deed of Allen to the Whitings was not recorded, avail him. The fact was easily ascertainable, and if not known, it was his neglect that he did not ascertain it. The defendant could not presume that the plaintiff did not know the state of his own title. He was not bound to deduce it for him, nor to point out any defective links there might be therein.
The parties negotiated ex adverso. The defendant made no misrepresentations.. The plaintiff failed to tender enough to remove all existing incumbrances. He mistook the facts, and neglecting to guard his rights with his usual vigilance, he must abide the result. Plaintiff nonsuit.
Rice, Cutting, Davis, Kent and Walton, JJ., concurred.